IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK,  JUDGE

Civil Case No.  13-cv-00098-AP-LTB

IN RE:

EDSON PAMITTAN MALLO and
LIANA CAROL MALLO

       Debtors.


EDSON PAMITTAN MALLO and
LIANA CAROL MALLO

       Plaintiffs-Appellants,

v.


THE UNITED STATES OF AMERICA,

       Defendant-Appellee.

_____

MEMORANDUM OPINION AND ORDER
_____

Babcock, J.

      Appellants, Debtors Edson Pamittan Mallo and Liana Carol Mallo, appeal an order of the

United States Bankruptcy Court for the District of Colorado dated January 3, 2013, denying their

Motion for Summary Judgment and granting the Motion for Summary Judgment filed by the

Appellee, The United States of America.  [Appellate Record Doc #6-1 pg. 197]  Oral argument

would not materially assist me in the determination of this appeal.  After consideration of the

record and the parties' briefs, and for the reasons set forth below, I AFFIRM the order of the

Bankruptcy Court.

## I. Facts

The underlying facts in this case are undisputed.  As relevant here, Debtors failed to timely file their Form 1040 Federal Income Tax Returns for the tax years 2000 and 2001.  As a result, the Internal Revenue Service ("IRS") made assessments for the Debtors' 2000 and 2001 tax years following an examination and the issuance of Notices of Deficiency.  Debtors did not challenge the tax determinations set forth in the Notices and, as such, a tax assessment was made against Debtor Liana Mallo – for the 2000 tax year – on July 10, 2006.  A tax assessment was made against Debtor Edson Mallo – for the 2001 tax year – on July 10, 2006.   After Debtors failed to pay their assessed income tax debts for 2000 and 2001, the IRS undertook collection action by issuing a Notice of Intent to Levy regarding Debtor Liana Mallo's 2000 tax debt on November 13, 2006, and a Notices of Intent to Levy regarding Debtor Edson Mallo's 2001 tax debt on January 7, 2006 and on February 15, 2006.

Debtors then jointly filed a Form 1040 return reporting their 2001 federal income, over a year later, on or about April 6, 2007.  They subsequently filed a joint Form 1040 return for their 2000 federal income taxes six month later, on October 7, 2007.  As a result, the IRS assessed an additional tax liability against the Debtors jointly (in the amount of $4,576) for the 2000 tax year, in a total amount equal to the amount reported by Debtors on their Form 1040.  For the 2001 tax year, the IRS partially abated the Debtors' joint tax assessment, in a total amount equal to the amount reported by Debtors on their Form 1040.

Thereafter, on February 18, 2010, Debtors voluntarily filed a petition for bankruptcy under Chapter 13, Title 11, of the United States Bankruptcy Code, which was converted to a Chapter 7 filing on March 23, 2011.  At the time the petition was filed, Debtors owed tax

liabilities for various periods between 2000 and 2009.  The Court issued a discharge order on July 5, 2011. [Doc #6-1 pg. 14]

Following the discharge, Debtors filed an adversary proceeding against the IRS (AP No.11-1624-MER) seeking a determination that their income tax debt from the years 2000 and 2001 were discharged by the discharge order. [Doc #6-1 pg. 6]  The IRS responded by filing a motion seeking summary judgment and a determination that Debtor Liana Mallo's 2000 income tax debt (with the exception of the additional portion arising from the $4,576 assessed after Debtors submitted a return in 2007), and all of Ed Mallo's 2001 income tax debt were excepted from discharge because they were debts for which a return was not filed within the meaning of 11 U.S.C. §523(a)(1)(B)(i). [Doc #6-1 pg. 18]  Debtors, in response, filed a cross-motion seeking summary judgment in their favor and a ruling that the 2000 and 2001 income tax debts were not subject to the exception in 11 U.S.C. §523(a)(1)(B)(i) and, as such, were discharged.  [Doc #6-1 pg. 90]

On January 3, 2013, the Bankruptcy Court ruled in favor of the IRS by granting its motion for summary judgment, and denying the Debtors' motion for summary judgment.  [Doc #6-1 pg. 197]  *In re Mallo,* 2013WL49774 (Bkrtcy. D.Colo. 2013).  Debtors appealed and elected to have this Court hear the appeal pursuant to 11 U.S.C. §158(a)(1).

## II. Standard of Review

In reviewing a Bankruptcy Court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify or remand the Bankruptcy Court's ruling.  28 U.S.C. §158(a); Fed. R. Bankr. P. 8013.  As relevant here, a Bankruptcy Court's legal conclusions – as opposed to its factual findings – are reviewed *de novo*.  *In re Warren*, 512 F.3d

1241, 1248 (10th Cir. 2008); *In re D.E. Frey Group, Inc.,* 2008 WL 630044, 2 (D. Colo. 2008).

### III.  Underlying Law

The legal question at issue here is whether the Debtors' income tax debts for tax year 2000 (as to Edson Mallo) and tax year 2001 (as to Debtor Liana Mallo) were discharged in bankruptcy by the order of discharge – as argued by Debtors – or whether the exception found at 11 U.S.C. §523(a)(1)(B)(i) applies, making the tax debts non-dischargeable – as argued by the United States.

The general rule is that a debtor who files a bankruptcy petition is discharged from personal liability for all debts incurred before the filing of the petition, including those related to unpaid taxes. 11 U.S.C. §727(b).  The Bankruptcy Code lists several exceptions to the general rule of dischargeability of an unpaid tax debt under 11 U.S.C. §523(a)(i), which precludes the discharge of a tax debt in several circumstances.  For example, a priority tax is not dischargeable, pursuant to §523(a)(1)(A), nor is a debt with respect to a fraudulent return, pursuant to §523(a)(1)(C).  The exception to discharge at issue here is §523(a)(1)(B), which renders a tax debt nondischargeable if a related return was filed within the two years of the filing of the bankruptcy petition or, as relevant here, when a return was not filed.  Specifically, that exception provides as follows:

> (a) A discharge [in bankruptcy] does not discharge an individual debtor from any debt –
>   (1) for a tax ... –
>     (B) with respect to which a return . . . if required –
>       (I) was not filed  . . .

In October 2005, §523(a) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 119 Stat. 23 (April 20, 2005)(the "BAPCPA"), which – as

relevant here – added an unnumbered paragraph at the end of the section that provides a definition of a "return" as follows:

> For purposes of this subsection, the term 'return' means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements).  Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or similar State or local law.

This unnumbered section, located at the end of §523(a), is often referred to as a "hanging paragraph."

I note that a return under §6020(a) of the Internal Revenue Code is one prepared by the IRS with the assistance of the taxpayer, as well as signed by the taxpayer – and thus is considered a "return" under §523(a)(1)(B)(i) – while a §6020(b) return is prepared and executed by the IRS without assistance or a signature from the taxpayer – and, as such, is not deemed a "return" for the purposes of §523(a)(1)(B)(i).  This case does not involve a tax liability assessed by either §6020(a) or §6020(b), but rather via a Notice of Deficiency as provided for in 26 U.S.C. §6212.

## IV. Bankruptcy Court Ruling

The Bankruptcy Court defined the issue as "whether the returns filed by the [Debtors] in 2007, following assessment of the taxes in 2005, constitute[d] 'returns' for the purposes of dischargeability under §523(a)(1)(B)(i)."  *In re Mallo, supra*, 2013WL49774.  The Bankruptcy Court ruled that the Debtors' 2007 filings – after the IRS assessments were made in 2005 – did not constitute "returns" and, as such, it concluded that the subject taxes were excepted from discharge under §523(a)(1)(B)(i).  In so ruling, the Bankruptcy Court found that this "precise"

issue had been recently address by the United States Bankruptcy Appellate Panel for the Tenth

Circuit (the "Panel"), on July 3, 2012, in *Wogoman v. Internal Revenue Service (In re*

*Wogoman)*, 475 B.R. 239 (10th Cir. BAP 2012).

The Bankruptcy Court adopted and applied the analysis set forth in *In re Wogoman* as

follows.  It first noted that prior to the effective date of the BAPCPA, courts generally applied a

four-prong test to assess whether a filing constituted a "return" for the purpose of applying

§523(a)(1)(B)(i).  That test – known as the "Beard test" –  is whether the filings: "1) purported to

be returns; 2) were executed under penalty of perjury; 3) contained sufficient data to allow

computation of tax; and 4) represented an honest and reasonable attempt to satisfy the

requirements of the tax law."   Following the *In re Wogoman* decision, the Bankruptcy Court

found that the 2007 returns filed by Debtors did "not represent an honest and reasonable attempt

to comply with tax law" under the fourth prong of the test, but were instead "belated attempts to

create a record of compliance when none really exists, long after the IRS had filed substitutes for

returns and provided notices of deficiency."   *In re Mallo, supra* (*citing Moroney v. United States*

*(In re Moroney),* 352 F.3d 902, 906 (4th Cir. 2003)("to belatedly accept responsibility for one's

tax liabilities, only when the IRS has left one with no other choice, is hardly how honest and

reasonable taxpayers attempt to comply with the tax code")).

In addition, the Bankruptcy Court here adopted *In re Wogoman's* rejection of a *per se*

rule that a late filed return "can never lead to discharge unless it falls within the 'safe harbor, i.e.,

is prepared pursuant to 26 U.S.C. § 6020(a) or similar provision,'" and instead limited its ruling

to a return filed after the IRS had determined the debtors' tax liability.  Because Debtors did not

simply file a late return – but rather "they filed their returns long after the IRS had determined

liability, provided notices of deficiency and assessed the taxes" – the Bankruptcy Court determined that "even in the absence of a *per se* rule that a debt based on a late return can never be discharged, the returns here did not satisfy the requirements of applicable nonbankruptcy law (*i.e.* the Internal Revenue Code) under [the BAPCPA's] hanging paragraph."   *In re Mallo, supra*.

Therefore, the Bankruptcy Court concluded that Debtors' "2007 filings do not constitute returns under any of the . . . analyses used in *In re Wogoman,* and the subject taxes are therefore excepted from discharge under §523(a)(1)(B)(i)."   *In re Mallo, supra.*   Accordingly, the Bankruptcy Court granted judgment in favor of the IRS and the United States, and Debtors now appeal.

I note that also before me at this time is the appeal of the Bankruptcy Court's ruling in *In re Martin*, 482 B.R. 635 (Bankr. D. Colo. 2012).   Under a nearly identical fact pattern, the Bankruptcy Court in *In re Martin, supra*, ruled that the debtor's 1040s – filed after the IRS assessed a tax liability – were properly found to be "returns" and, accordingly, the tax liability shown on the 1040s was dischargeable in the debtor's bankruptcy under §523(a)(1)(B)(i).   482 B.R. at 640.   As a result, the *In re Martin Court* granted judgment in favor of the debtor and against the IRS and the United States.   *Id.*   These inconsistent decisions of the Bankruptcy Court – which have been briefed together – are both before me for determination.

## V. Analysis

Debtors appeal the Bankruptcy Court ruling against them on the basis that it erred in relying on *In re Wogoman* to find that the exception in §523(a)(1)(B)(i) applied and, as a result, that their tax debts from 2000 and 2001 were not dischargeable.   Debtors do not contend that the *In re Wogoman* ruling is distinguishable from their case on its facts, but rather that it should not

be followed as wrongly decided.

**A.  Interpretation of Hanging Paragraph by Fifth Circuit in *In Re McCoy***

The Panel in *In re Wogoman* found that no matter which of three different legal theories was employed, §523(a)(1)(B)(i) excepted from discharge tax debts such as those at issue here.  I first address Debtors' argument that the Panel in *In re Wogoman* erred to the extent that it relied upon the interpretation of term "return" – set forth in the hanging paragraph at the end of §523(a) provided by the BAPCPA – as articulated by the Fifth Circuit in *In re McCoy*, 666 F.3d 924 (5th Cir. 2012).

The hanging paragraph contains two sentences.  The first sentence provides that, for purposes of §523(a), "the term 'return' means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements)."   The second sentence indicates that a "return" "includes a return prepared pursuant to section 6020(a) . . . or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) . . . or similar State or local law."

In *In re McCoy*, *supra*, the Mississippi Tax Commissioner argued that the debtor's late-filed returns did not qualify as "returns" under the §523(a) hanging paragraph definition, and thus the debtor's state income tax liability was not dischargeable.  The Fifth Circuit determined that the BAPCPA provides "an unambiguous definition of 'return'" under the first sentence of the hanging paragraph, and because the debtor's state returns were filed late, they "did not comply with the filing requirements of applicable Mississippi tax law and were, therefore, not

'returns' for discharge purposes."  666 F.3d at 932 (*cert. denied by McCoy v. Mississippi State Tax Comm'n*, 133 S.Ct. 192, 184 L.Ed.2d 38 (U.S. Oct 01, 2012)).

In analyzing the *In re McCoy* ruling, the Panel in *In re Wogoman* agreed that the hanging paragraph's first sentence requiring a return to satisfy applicable filing requirements "is susceptible to the construction that [any] late-filed return is not a return for purposes of dischargeability."  *In re Wogoman, supra,* 475 B.R. at 249.  However, the Panel went on to question the Fifth Circuit's underlying rationale that Congress carved out a singular "safe harbor" for late returns because the second sentence of the hanging paragraph provides that the term "return" includes a return prepared pursuant to "§6020(a) . . . or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal." Specifically, the Panel noted that "neither the Fifth Circuit's decision, nor the bankruptcy court decisions it cites, offer a satisfactory explanation for why Congress allegedly 'carves out a narrow exception to the definition of 'return' for §6020(a) returns.'"  *Id.*  In addition, the Panel's own research "uncovered nothing to support the conclusion that the hanging paragraph was intended to create the rule that a late-filed federal income tax return can never lead to discharge unless it falls within the safe harbor, i.e., is prepared pursuant to §6020(a) or similar provision." *Id.*  Finally, the Panel noted that the IRS' Chief Counsel Notice – setting forth its litigation position regarding the dischargeability of tax liabilities when returns are filed after assessment – indicates that any supposed "safe harbor" under §6020(a) is illusory because taxpayers have no right to demand that the IRS prepare a return for them under that provision.  *See* IRS Office of Chief Counsel Notice CC-2010-016, 2010 WL 3617597 (Sept. 10, 2010).

After the Panel expressed its concern about the soundness of the Fifth Circuit's interpretation, it ruled that it did not have to reach or "conclusively define the boundaries of the hanging paragraph in this case because it does not involve a tax return that was merely filed 'late.'" *Id.* at 250. Rather, the case before it – as is the case here – involves debtors, who without any reason justifying the delay, did not file their returns until "after the IRS had completed the burdensome process of determining their tax liability, providing the statutory notice of deficiency, assessing the taxes, and attempting collection." *Id.* Hence, the Panel in *In re Wogoman* did not specifically adopt or reject the Fifth Circuit's interpretation of the §523(a) hanging paragraph in *In re McCoy,* noting that several bankruptcy courts had recently done the same. 475 B.R. at 251, FN. 59 (*citing Smythe v. United States (In re Smythe)*, No. 11–04077, 2012 WL 843435 (Bankr.W.D. Wash. 2012)(ruling that courts need not resolve differences between *McCoy* and the IRS' position because debtors clearly failed to satisfy applicable filing requirements when returns were filed post-assessment); *Casano v. IRS (In re Casano)*, 473 B.R. 504 (Bankr. E.D.N.Y. 2012)(failing to address whether any late filed Form 1040 would always result in the tax debt being nondischargeable where, in its case, returns were filed after assessment)).

The parties concur that the ruling in *In re McCoy* should not be adopted here. Debtors maintain that the *In re McCoy* interpretation was based on a "tortured and illogical analysis of the statute." They argue that in the tax world, a filing requirement and a due date are separate concepts and that the "applicable filing requirements" in the first sentence of the hanging paragraph cannot include a due date. In so doing, Debtors refer me to the ruling in the companion case, *In re Martin*, *supra*, which rejected the interpretation that "applicable filing

requirements" in the hanging paragraph includes the time or due date for filing a tax return,

resulting in a *per se* rule that any late-filed return – other than one prepared pursuant to §6020(a)

– renders the related tax liability non-dischargeable.  The Bankruptcy Court in *In re Martin*,

*supra*, ruled that such an interpretation "says too much" in that it essentially renders

§523(a)(1)(B)(ii) – which provides that taxes for which a return was filed "after such return was

last due" and less than 2 years prior to the date of bankruptcy are not dischargeable – as

"superfluous."  482 B.R. at 639 (concluding that "'applicable filing requirements' must refer to

considerations other than timeliness, such as the form and contents of a return, the place and

manner of filing, and the types of taxpayers that are required to file returns").

     The United States agrees that the interpretation in *In re McCoy* should not be followed or

applied here, and specifically indicates that it "does not advocate adoption of *McCoy* as it leads

to harsh results that would penalize taxpayers who file even a day late and without requiring

government intervention to assess the tax."  *See e.g. Brown v. Massachusetts Dep't of Revenue*

(*In re Brown*) 489 B.R. 1, 5 (Bkrtcy. D.Mass. 2013)(rejecting the interpretation set forth in *In re*

*McCoy* in that "[i]t simply does too much violence to the statute").  As such, I decline to apply or

adopt the *In re McCoy* analysis here.

**B.  IRS Official Position/Interpretation**

     I next address Debtors' argument that the Bankruptcy Court erred in relying on *In re*

*Wogoman* to the extent that the Panel based its ruling on the official position of the IRS as set

forth in IRS Office of Chief Counsel Notice. [Doc #6-1 pg. 107]

     The official IRS position – as articulated by the court in *In re Wogoman, supra* – is

summarized as follows:  when "read as a whole, §523(a) does not provide that every tax for

which a return was filed late is nondischargeable, [but rather] whether a return is filed after assessment should be the critical inquiry."  475 B.R. at 250.  The IRS Chief Counsel Notice provides, in part, that:

> Section 523(a)(1)(B)(i) excepts from discharge any "debt" for a tax with respect to which a return was not "filed." . . . If at the time of assessment no return has been filed, then the debt recorded by that assessment is a debt with respect to which a return was not filed and section 523(a)(1)(B)(i) applies to except it from discharge. If the taxpayer later files a Form 1040 that reports an additional amount of tax, only the portion of the tax that was not previously assessed would be a dischargeable debt based upon that subsection.

IRS Office of Chief Counsel Notice CC-2010-016 CC-2010-016, 2010 WL 3617597 (Sept. 10, 2010). [Doc #6-1 pg. 110]

So, it is the IRS' position that tax debts which are incurred by IRS assessment before the taxpayer subsequently files a related return, are excepted from discharge because such liability is not a "debt for which a return was filed."  In contrast, it is the IRS position that a taxpayer who has not be assessed tax liability by the IRS but elects, belatedly, to file a return may have that liability discharged pursuant to §523(a)(1)(B)(i), because there is no debt "originating prior to submitting a return."  This is because "the act of assessment creates or records a 'debt' for the assessed taxes that is legally enforceable by lien or levy, [and] if a return has not been filed prior to assessment, the tax liability cannot be discharged."  *In re Wogoman, supra,* 475 B.R. at 250.

The Panel in *In re Wogoman* noted that, from a tax policy perspective, the IRS' official position was logical and simple to administer.  However, the Panel did not choose to adopt or reject this theory.  Rather, it determined that "as to the result in this case, it matters not whether we adopt the Fifth Circuit's interpretation of the §523(a) hanging paragraph in [*In re*] *McCoy* or the assessment rule advocated by the IRS [because u]nder either alternative, the debtors' 2001

tax liability is excepted from discharge." 475 B.R. at 251.

In this case, the United States once again argues that the IRS' interpretation of §523(a)(1)(B)(i) – as set forth in its official position – should apply.  It asserts that debts determined and recorded by an assessment prior to a return being filed are not dischargeable under §523(a)(1)(B)(i), because they are "debts for which no return was filed" in that the genesis of the debt in such cases comes from government action in assessing the liability, not from the taxpayer action of filing a return.  Because the filing of the return does not change the underlying nature of the debt, the debt should not be dischargeable.  The United States asserts that this interpretation is supported by the second sentence of the hanging paragraph, which allows for discharge when the taxpayer assists with the assessment (as in §6020(a) which allows for a return to be prepared by the IRS with the assistance of – and signed by – the taxpayer), but provides that a tax debt is not dischargeable when a taxpayer does not participate or help with the assessment (as in §6020(b) which provides for the preparation and filing of a return without assistance or a signature from the taxpayer).

In response, Debtors first note that the United States argued this same position prior to passage of the BAPCPA, and thus its interpretation relies on the language of §523(a)(1)(B)(i) standing alone, without addressing the hanging paragraph.  As such, the IRS' official position fails to address the definition of "return" that was added to the statute in the first sentence of the hanging paragraph.  Moreover, as noted by the Panel in *In re Wogoman*, "no court has adopted this interpretation of §523(a)(1)(B)(i)."  475 B.R. at 250.  And, in fact, this position was rejected by *Savage v. Internal Revenue Service* (*In re Savage*), 218 B.R. 126, 132 (10th Cir. BAP 1998)(declining to adopt the IRS' argument that the debtor's amended returns – filed after the

IRS filed substitute returns for the taxpayer – were not considered "returns" for dischargeability purposes by noting that Congress specifically excluded any reference to "assessment" as a determinative factor in §523(a)(1)(B)(i)).

But, the United States argues in this case that the IRS position is based on the "nature of the debt," not whether the post-assessment filing was a "purported return" as was argued in *In re Savage*, *supra*. Furthermore, it asserts that the ruling of *In re Savage* is now a "dead letter" after *In re Wogoman* was decided. As I have noted, however, the Panel in *In re Wogoman* did not adopt the IRS official position. Instead, I agree with Debtors that the statutory language defining a return for purposes of assessing whether a "return was filed" – under §523(a)(1)(B)(i) and the hanging paragraph to §523(a) – cannot be interpreted consistent with the IRS' official position. Whether a tax debt is or is not dischargeable based on the debtor's self-assessment of that debt, via the timing of his or her filing before or after assessment, is clearly not contemplated by a plain reading of the statutory language. This is the case both when viewing the statute as written pre-BAPCPA, as well as following the addition of the definition of a return provided by the hanging paragraph. The first sentence of the hanging paragraph states, in essence, only that a "return" must satisfy applicable requirements of nonbankruptcy law. And while the second sentence does distinguish between a circumstance in which a return is filed by the IRS with taxpayer help (and then is deemed a "return" making it dischargeable) and no taxpayer assistance (thus not a return and not dischargeable), it does not follow that such distinction applies to any taxpayer that filed a return only after IRS assessment, when §523(a)(1)(B)(i) does not so provide. In summary, I disagree with the United States to the extent it argues that the nature of the debt (as assessed by the IRS prior to the filing of a return, as opposed to a liability initially

reported by the taxpayer via self-assessment) is somehow contemplated or addressed by the statute. *See In re Savage, supra,* 218 B.R. at 132 ("[w]e find nothing in the Bankruptcy Code that would lead us to adopt the IRS' argument"); *In re Nunez,* 232 B.R. 778, 782 (9th Cir. BAP 1999)("[w]e will not read into Section 523(a)(1)(B) the requirement that a debtor must have filed a return prior to an assessment by the IRS").

## C.  Pre-BAPCPA Standard – "Beard Test"

At the urging of both parties, I have not applied the Fifth Circuit interpretation of §523(a)(1)(B)(i) – set forth in *In re McCoy, supra* – that results in a *per se* rule that <u>any</u> late-filed return is not a "return" for purposes of assessing the dischargeability of its related tax liability. Additionally, I agree with Debtors that the IRS' interpretation of §523(a)(1)(B)(i) – that a tax liability assessed by the IRS before a related "return" is filed by the taxpayer is excepted from discharge because the liability is not a "debt for which a return was filed" – is not supportable. Instead, I apply the pre-BAPCPA legal standard – as the "applicable nonbankruptcy law" – for determining whether a belated filing is deemed a "return" for purposes of applying §523(a)(1)(B)(i).

Of the three legal theories discussed in *In re Wogoman, supra,* the Panel primarily relied upon the pre-BAPCPA case law – known as the "Beard test" – to assess whether a document is considered a "return" for purposes of applying §523(a)(1)(B)(i).  The Panel indicated that although the Tenth Circuit had not addressed the issue, the majority of courts presented with similar cases held that a debtor's tax liabilities were not dischargeable under §523(a)(1)(B)(i) when a return was filed by the debtor after assessment by the IRS.  475 B.R. at 245.  I note, however, that the *In re Wogoman* Court again declined to specifically adopt the Beard test by

15

ruling that "*if* it is applicable to this dischargeability exception post-BAPCPA, the 2001 return filed by the [debtors] in August 2006 does not meet the fourth requirement of this test. . .".  *Id.* at 248 (emphasis added).

Prior to the addition of the hanging paragraph of §523(a) in 2005, Courts applied the four-prong Beard test to assess whether a document is considered a "return" under §523(a)(1)(B)(i),  as set forth in *In re Hindenlang*, 214 B.R. 847 (S.D.Ohio 1997), *rev'd* 164 F.3d 1029 (6th Cir. 1999)(*citing Beard v. Commissioner*, 82 T.C. 766, 778-9, 1984 WL15573 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986)).  The Beard test, requires that  "(1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law." *In re Wogoman*, *supra*, 475 B.R. at 245 (*quoting In re Hindenlang*, *supra*, 164 F.3d at 1033).

The *In re Wogoman* Panel ruled that the debtor's failure to file a Form 1040 until after assessment by the IRS "does not meet the fourth requirement of this test, i.e., it does not represent an honest and reasonable attempt to satisfy the requirements of the tax law." 475 B.R. at 248.  In so doing, the Panel determined that prior assessment of the debtor's delinquency by the IRS is relevant to determining whether the debtor filed a return because "[t]he very essence of our system of taxation lies in the self-reporting and self-assessment of one's tax liabilities" and "[t]imely filed federal income tax returns are the mainstay of that system." *Id.*  Furthermore , it noted that:

> A reporting form filed after the IRS has completed the burdensome process of assessment without any assistance from the taxpayer does not serve the basic purpose of tax returns:  to self-report to the IRS sufficient information that the returns may be readily processed and verified.  Simply put, to belatedly accept

> responsibility for one's tax liabilities, only when the IRS has left one with no
> other choice, is hardly how honest and reasonable taxpayers attempt to comply
> with the tax code.

*Id.* at 247 (*quoting In re Moroney,* 352 F.3d 902, 906 (4th Cir. 2003)).

Based on this rationale, the *In re Wogoman* Court followed the majority of the cases that have ruled that a debtor's tax liabilities were not dischargeable when a return was filed after IRS assessment. *See In re Hindenlang*, 164 F.3d 1029, 1033 (6th Cir. 1999); *In re Payne*, 431 F.3d 1055 (7th Cir. 2005); *In re Moroney*, 352 F.3d 902 (4th Cir. 2003). The Panel rejected the Eight Circuit's opinion in *In re Colsen*, 446 F.3d 836 (8th Cir. 2006), which ruled that the debtor/filer's tax liabilities were dischargeable – even though debtor had filed his returns several years after the taxes had been assessed – because his subjective intent was irrelevant as "the honesty and genuineness of the filer's attempt to satisfy the tax laws should be determined from the face of the form itself." *In re Wogoman*, *supra*, 475 B.R. at 247 (*quoting In re Colsen, supra*, 446 F.3d at 840). The Panel rejected this holding by finding "the reasoning of the other circuit courts, i.e., that delinquency is relevant to an honest and reasonable attempt to satisfy tax law, more persuasive." *Id.*

In challenging the rationale of the *In re Wogoman* decision, Debtors maintain that using "applicable nonbankruptcy law" to determine whether a document is a "return" for purposes of §523(a)(1)(B)(i) – as provided for in the first sentence of the hanging paragraph of §523(a) – means applying tax law as set forth in the Internal Revenue Code and the case law interpreting it. Because the Internal Revenue Code does not provide a definition of a "return," they agree that the Beard test is the "applicable nonbankruptcy law." They argue, however, that the approach to the forth prong of the Beard test used by the Panel in *In re Wogoman* – by using a subjective

determination as to whether the taxpayer's late filing represents an honest and reasonable attempt to satisfy the requirements of the tax law – is erroneous in that tax law requires an objective test.

In so doing, Debtors argue that the cases relied upon by *In re Wogoman* employed bankruptcy law, not tax law, when concluding that the fourth prong is a subjective test. In *In re Hindenlang*, *supra*, the Court held that when the IRS assessed a tax debt, and the debtor failed to respond to deficiency letters, the subsequently-filed Forms 1040 served no tax purpose which, in turn, resulted in the United States meeting its "burden of showing that the debtor's actions were not an honest and reasonable effort to satisfy the tax law." 164 F.3d at 1034-35; *see also In re Payne*, *supra*, 431 F.3d at 1057 (concluding a return submitted after IRS assessment did not constitute a reasonable attempt to satisfy the tax law except when there is evidence of circumstances beyond a taxpayer's control that prevented him or her from filing a timely return); *In re Moroney, supra*, 352 F.3d at 907 (ruling that a debtor "cannot seek the safe haven of bankruptcy by failing to file tax returns, waiting to see if the IRS assesses taxes on its own, and then submitting statements long after the IRS has been put to its costly proof").

Debtors first note that these cases were decided before the passage of the BAPCPA, which specifies in the hanging paragraph of §523(a) that tax law ("nonbankruptcy law") must be used to assess whether a filing is a "return." So, Debtors assert those cases improperly used a subjective approach – in that they used factors outside the tax return document and required a detailed analysis of the facts and circumstances surrounding the filing thereof – as opposed to the objective approach which looks merely at the tax return to assess whether it represents "an honest and reasonable attempt to satisfy the requirements of the tax law." They further argue

that an objective approach is consistent with tax law – which only requires a determination on the documents face as to whether it is intended to be a return – while the subjective approach is consistent with bankruptcy law – in that the cases seems to suggest there needs to be consequences for filing a return after IRS assessment of a tax liability beyond what is provided by §523(a).

Debtors rely on *In re Colsen*, *supra*, which ruled that the fourth prong requires only that the document filed evinces an honest and genuine attempt to satisfy the laws, and it "does not require inquiry into the circumstances under which a document was filed." 446 F.3d at 840 (*citing Badaracco v. Commissioner*, 464 U.S. 386, 397, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984)(ruling that – for purposes of determining a statute of limitations – even admittedly fraudulent returns can be returns under the tax laws, if they "appeared on their faces to constitute endeavors to satisfy the law")).  Because the fourth prong "contains no mention of timeliness or the filer's intent," the Eighth Circuit held that "the honesty and genuineness of the filer's attempt to satisfy the tax laws should be determined from the face of the form itself, not from the filer's delinquency or the reasons for it."  *In re Colsen*, *supra*, 446 F.3d at 840.  As such, Debtors here argue that under tax law (as opposed to bankruptcy law) "the filer's subjective intent is irrelevant" when assessing whether a belated return is a return for purposes of determinating applicability of §523(a)(1)(B)(i).  *Id.; see also In re Martin*, *supra*, 482 B.R. at 641-41 (agreeing with the analysis of *In re Colsen,* because the policy of excepting taxes resulting from untimely and/or fraudulent tax returns from discharge is addressed in other sections of §523(a)(1) and would otherwise "distort what is otherwise plain statutory language concerned only with whether a 'return' was 'filed'").

The United States argues, in response, that *In re Colsen* provides "scant authority" for a ruling that the fourth prong of the Beard test must be determined from the face of the form, as it is clear that a "majority of the courts of appeal that have considered the issue of whether a Form 1040 filed by a debtor post-assessment by the IRS constitutes a 'return' have held that a Form 1040 did not constitute a 'return" for tax purposes because they found such filing lacked an honest and genuine endeavor by the debtor to satisfy the requirements of the tax law."  *In re Casano*, *supra*, 473 B.R. at 506-07 (*citing In re Payne*, *supra*, 431 F.3d at 1057; *In re Moroney*, *supra*, 352 F.3d at 906; *In re Hindenlang*, *supra*,164 F.3d at 1035).  In addition, the United States asserts that the Eighth Circuit in *In re Colsen, supra,* implicitly admits that its rationale might not be applicable post-BAPCPA.  446 F.3d at 839 (by explicitly not applying the definition of a "return" provided in the hanging paragraph of §523(a) because the debtor's petition was filed before the effective date of the BAPCPA, and by adopting the reasoning of the dissent in *In re Payne*, *supra*, 431 F.3d at 1060, which noted, in *dicta*, that after passage of the BAPCPA any "untimely return cannot lead to a discharge").  The United States also contends that the ruling in *In re Colsen,* was rejected by the Tenth Circuit Bankruptcy Appellate Panel in its post-BAPCPA ruling in *In re Wogoman, supra*, and that such authority should be given "strong deference." 475 B.R. 249; *but see Walk v. Thurman,* 2012WL 3292934 (D.Utah 2012) (unpublished)(in circuits with bankruptcy appellate panels "the basic framework for application of *stare decisis* does not exist in bankruptcy appeals, creating much uncertainty as to the precedential value of bankruptcy appeal decisions")(*quoting* Annotation, Precedential Effect of Bankruptcy Court, Bankruptcy Appellate Panel, or District Court Bankruptcy Case Decisions, 8 A.L.R. Fed.2d at 168).

In addition, the United States argues that adoption of an "objective" view of the fourth prong as set forth in *In re McCoy, supra* – by looking solely at the form to determine whether it constitutes an honest and reasonable attempt to satisfy income tax requirements – would render that prong of the test unnecessary and ineffectual.  The other three prongs of the Beard test – which require that a filing or document purports to be a return, provides sufficient data to calculate tax liability, and is executed – together constitutes an assessment of whether the document, on its face, appears and it intended to be a return.  If an objective test of assessing the document on its face alone is adopted, the forth prong of the Beard test would become irrelevant.

I agree with the arguments of the United States and, as a result, I reject the Debtor's request that I accept and adopt the ruling in *In re Colsen, supra*, and instead I rule that delinquency is relevant to an assessment of whether a taxpayer made an honest and reasonable attempt to satisfy tax law.  *In re Wogoman, supra; see also In re Moroney, supra*, 352 F.3d at 907 (ruling that a debtor "cannot seek the safe haven of bankruptcy by failing to file tax returns, waiting to see if the IRS assesses taxes on its own, and then submitting statements long after the IRS has been put to its costly proof").

Therefore, I conclude that the Beard test is the applicable nonbankruptcy law to be used to determined whether a filing constitutes a "return" – for purposes of applying the dischargeability exception to a tax debt set forth in §523(a)(1)(B)(i) – and that the untimely returns filed by Debtors in this case after the IRS determined their tax liability negates  "an honest and reasonable attempt to comply with tax law" under the fourth prong of the test.  I am persuaded by the case law that has ruled that such returns cannot, as a general rule, rise to the level of an honest and reasonable effort to satisfy the tax law in that such filing serves no tax

purpose and when, as here, there is no claim of circumstances beyond a taxpayer's control that prevented him or her from filing a timely return. 164 F.3d at 1034-35; *see also In re Payne, supra,* 431 F.3d at 1057.  Because the record in the case is undisputed that the Debtors failed to file their 1040 forms until between 12 and 18 months after the IRS examined and then determined their tax liability, sent notices of deficiency, assessed the taxes, and then commenced collection by sending notices of levy, and is devoid of any facts or claims of unique or special circumstances that occurred beyond the debtor's control,  I agree with the Panel in *In re Wogoman, supra,* that the filing of such returns are merely "belated attempts to create a record of compliance when none really exists, long after the IRS had filed substitutes for returns and provided notices of deficiency."  475 B.R. at 247.

Thus, the belated returns in this case did not constitute "returns" for purposes of §523(a)(1)(B)(i) in that they failed the fourth element of the Beard test because they were not reasonable attempts to comply with the tax law.  As such, I affirm the Bankruptcy Court's ruling that the subjected taxes were excepted from discharge under 11 U.S.C. §523(a)(1)(B)(i), as well as its granting of summary judgment in favor of the United States and the IRS.  *In re Mallo, supra,* 2013WL499774.

Accordingly, IT IS ORDERED that the decision of the Bankruptcy Court granting the

IRS' Motion for Summary Judgment in this adversary proceeding (11-1624-MER) is

AFFIRMED.


Dated: September __11__, 2013 in Denver, Colorado.


BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE